UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SFEG CORP., | ) |
|     Plaintiff | ) |
| | ) No. 3:15-0466 |
| v. | ) Judge Trauger/Bryant |
| | ) **Jury Demand** |
| BLENDTEC, INC., doing business as BLENDTEC, | ) |
| | ) |
|     Defendant | ) |

### MEMORANDUM AND ORDER

Defendant Blendtec, Inc. ("Blendtec") has filed its motion to compel production of signed affidavit pursuant to Rule 26 of the Federal Rules of Civil Procedure (Docket Entry No. 20). Plaintiff SFEG Corp. ("SFEG") has responded in opposition (Docket Entry No. 22) and Blendtec has filed a reply (Docket Entry No. 25).

For the reasons stated below, the undersigned Magistrate Judge finds that Blendtec's motion to compel production of the subject affidavit should be denied.

### STATEMENT OF THE CASE

SFEG has filed this action seeking to recover funds allegedly due and owing for parts manufactured by SFEG and supplied to Blendtec pursuant to a contract between the parties (Docket Entry No. 1-1). Blendtec has filed an answer and counterclaim in which it asserts that the parts supplied by Plaintiff SFEG were "defective, of inferior quality and unsuitable for their intended purpose" (Docket Entry No. 15 at 2).

**SUMMARY OF FACTS PERTINENT TO BLENDTEC'S MOTION**

The following facts appear to be undisputed by the parties. Brandon Rogers is a former quality manager at Blendtec who has knowledge of facts relevant to the issues in this case. Rogers no longer works for Blendtec, and his employment was ended earlier as part of a reduction in force (Docket Entry 21 at 1).

In response to a written interrogatory and a request for production of documents served by Blendtec, SFEG has disclosed that on April 9, 2015, after filing the complaint in this case, counsel for SFEG interviewed Rogers. Counsel took notes during the interview and later prepared a memorandum to the file. On April 24, 2015, counsel for SFEG spoke with Rogers and read to him a draft affidavit. Rogers suggested some changes in the affidavit. On April 27, 2015, counsel for SFEG emailed Rogers the revised affidavit. On July 13, 2015, after a follow-up by counsel for SFEG, Rogers executed and returned the affidavit. Although SFEG has disclosed the existence of the affidavit in discovery, SFEG has objected to its production based upon the attorney work product doctrine (Docket Entry No. 21 at 2-3).

**ANALYSIS**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case. The attorney work product doctrine in federal cases is expressed in Rule 26(b)(3), which states in pertinent part as follows:

> (A) *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure*. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

In order to come within the qualified immunity from discovery created by Rule 26(b)(3), the material must be (1) documents and tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or for another party or by or for that other party's representative. *Wright, Miller & Marcus*, 8 Federal Practice & Procedure, § 2024 at 494 (3d ed. 2010). Here, it appears undisputed that the affidavit of Brandon Rogers that is the subject of Blendtec's motion satisfies these three threshold requirements. It is clearly a document prepared in anticipation of litigation or for trial by SFEG's lawyer.

In support of its motion, Blendtec makes two arguments. First, it argues that the signed Rogers affidavit is not attorney work product but instead is evidence containing the witness's own statement. The parties have cited no controlling authority in the Sixth Circuit on the question whether an affidavit of a nonparty witness prepared by counsel following an interview of the witness can be attorney work product. Moreover, there appears to be a split of authority among district courts on this issue. One line of cases, said to be the majority and relied upon by Blendtec, holds that a third party's affidavit, once signed by the affiant, is no longer attorney work product as a matter of law. *See, e.g., Basaldu v. Goodrich Corp.,* 2009 WL 1160915 (E.D. Tenn. Apr. 29, 2009); *Murphy v. Kmart Corp.*, 259 F.R.D. 421, 428-33 (D.S.D. 2009); *Trustees of the Plumbers & Steam Fitters Local No. 43 Health & Welfare Fund v. Crawford*, 573 F. Supp.2d 1023, 1028-29 (E.D. Tenn. 2008); *Tuttle v. Tyco Electronics Installation Svcs., Inc.*, 2007 WL 4561530 (S.D. Ohio Dec. 21, 2007); *Infosystems, Inc. v. Ceridian Corp.,* 197 F.R.D. 303, 306-07 (E.D. Mich. 2000). These cases hold that "once a witness signs an affidavit the affidavit becomes a statement of facts within the personal knowledge of the witness, and not an expression of the opinion of counsel." *Tuttle*, 2007 WL 4561530 at *2 (quoting *Infosystems,* 197 F.R.D. at 304).

Another line of cases take a different view. These cases hold that when a lawyer interviews a nonparty witness and, following the interview, prepares an affidavit for that witness based upon questions asked and responses given in the interview, the contents of that affidavit almost certainly will reveal "the mental impressions, conclusions, opinions, or legal theories" of the lawyer, deserving of work product doctrine protection. Rule 26(b)(3)(B). *See, e.g., Abell v. Babbitt*, 176 F.3d 488 (10th Cir. 1999) (unpublished); *D.O.H. v. Lake Central School Corp.*, 2015 WL 1538804 at *8-13 (N.D. Ind. Apr. 7, 2015); *Enos-Martinez v. Bd. of County Commissioners*, 2012 WL 1079442 at *2-3 (D. Colo. Mar. 30, 2012); *1100 West, LLC v. Red Spot Paint & Varnish Co.*, 2007 WL 2904073 (S.D. Ind. May 18, 2017); *Lamer v. Williams Communications, LLC*, 2007 WL 445511 (N.D. Okla. Feb. 6, 2007); *Intel Corp. v. VIA Technologies, Inc.*, 2004 F.R.D. 450 (N.D. Calif. 2001).

The undersigned Magistrate Judge is persuaded by the reasoning of this latter line of cases. The affidavit sought by Blendtec in the present motion is the end product of a process initiated, carried forward, and completed by SFEG's trial counsel. Counsel conducted the interview of the witness, chose the topics for inquiry, and thereafter prepared notes from the interview. From these notes, counsel later drafted an affidavit for the witness. Counsel almost certainly included in this draft affidavit those

5

facts that counsel deemed significant to the legal theories applicable to the case. Significantly, courts generally, including those that would deny work protection to a signed affidavit, have found that "information relevant to the evolution of an affidavit, including but not limited to communication with the counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit" are all protected by the work product doctrine. *Tuttle*, 2007 WL 4561530 at *2 (*citing Infosystems*, 197 F.R.D. at 307 n.4 and *United States v. University Hospital*, 2007 WL 1665748 (S.D. Ohio 2007)). Therefore, if an affidavit draft is protectable as work product because its contents disclose "the mental impressions, conclusions, opinions, or legal theories of a party's attorney," the character of such disclosure is not somehow changed at the moment the witness signs the affidavit. For this reason, the undersigned Magistrate Judge finds that the affidavit of Brandon Rogers sought by Blendtec here is work product within the meaning of Rule 26(b)(3)(a).

Blendtec's second argument is that even if this affidavit is attorney work product, Blendtec nevertheless is entitled to production of the affidavit because it has made the showing required by Rule 26(b)(3)(A)(i) and (ii). This rule provides that the court may order the production of attorney work product if the

party seeking production "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." The undersigned finds that Blendtec has made no such showing here.

From the record it appears that Brandon Rogers is a former employee of Blendtec. The record fails to contain any evidence that Blendtec has attempted to interview Rogers or to obtain his discovery deposition. There is no indication in the record that Rogers is unavailable to Blendtec, or that he is unable to provide to Blendtec information about what he knows about the facts of this case. In the absence of such evidence in the record, the undersigned finds that Blendtec has failed to make the showing required by the rules to be entitled to the production of this affidavit. Therefore, the undersigned Magistrate Judge concludes that "[i]f the Defendant wants to know what a potential witness knows, or what his or her testimony would be if deposed or called at trial, defense counsel . . . can conduct their own interview and obtain their own affidavit; they are not entitled to ride upon the coattails of Plaintiff's counsel." *D.O.H.,* 2015 WL 1538804 at *12 (*quoting 1100 West*, 2007 WL 290403 at *2).

**CONCLUSION**

For the reasons stated above, the undersigned Magistrate Judge finds that Blendtec's motion to compel production of the affidavit of Brandon Rogers should be **DENIED**.

It is so **ORDERED**.

<pre>
                                /s/  John S. Bryant
                                JOHN S. BRYANT
                                United States Magistrate Judge
</pre>